UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CARLOS ALBERTO ESTRADA-JIMENEZ,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

Case No. 1:06-CV-468
(Criminal Case No. 1:05:CR:21)

HON. GORDON J. QUIST

**OPINION**

This Court has before it Carlos Alberta Estrada-Jimenez's ("Petitioner") Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. Promptly after the filing of a § 2255 motion, the Court must undertake a preliminary review of the motion to determine whether it plainly appears from the motion, the attached exhibits and the record of prior proceedings that Petitioner is not entitled to relief in the district court. Rule 4, Rules Governing § 2255 Cases. If so, the Court shall make an order for its summary dismissal. *Id.* A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999) (applying Rule 4 to petition filed under 28 U.S.C. § 2254). After undertaking the review required by Rule 4, the Court concludes that Petitioner is not entitled to relief.

    1.    **Procedural History.**

On October 26, 2005, Petitioner pled guilty to possession with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii). On April 12, 2006, this

Court sentenced Petitioner to 46 months incarceration, and Judgment was entered on April 13, 2006. Petitioner did not appeal his sentence.

On July 5, 2006, Petitioner filed this motion under 28 U.S.C. § 2255. The motion is timely. In the motion, Petitioner requests an opportunity to participate in the United States Bureau of Prison's ("BOP") substance abuse treatment program so that he can receive a reduction in his sentence.

**2.     This Court Lacks Subject Matter Jurisdiction**.

As a preliminary matter, this Court does not appear to have subject matter jurisdiction under 28 U.S.C. § 2255 to decide this matter, as the motion seems to challenge the execution of Petitioner's sentence, *i.e.*, his exclusion from the substance abuse treatment program, rather than the validity of his sentence itself. In a matter where a prisoner was challenging his place of confinement, the Court of Appeals for the Sixth Circuit held that the prisoner should have filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, not a motion under 28 U.S.C. § 2255.

> In the present case, defendant Jalili is attacking the execution of the sentence, rather than alleging that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that it was in excess of the maximum authorized by law, or otherwise subject to collateral attack. Because defendant Jalili is challenging the manner in which the sentence was being executed, rather than the validity of the sentence itself, Section 2255 does not apply. *United States v. Hutchings*, 835 F.2d 185, 186 (8th Cir.1987); *Brown v. United States*, 610 F.2d 672, 677 (9th Cir.1980). As stated in *Hutchings*, an attack upon the execution of a sentence is properly cognizable in a 28 U.S.C. §2241(a) habeas petition. 835 F.2d at 186. For these reasons, we believe the district court did not have subject matter jurisdiction under 28 U.S.C. § 2255 to vacate the original sentence.

*United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991); *see also Laws v. Barron*, 348 F. Supp.2d 795 (E.D. Ky. 2004) (petition challenging prisoner's exclusion from a residential drug treatment program was filed as a petition for a writ of habeas corpus). Therefore, it appears that this Court does not have jurisdiction to decide this matter under 28 U.S.C § 2255, and the motion must be dismissed.

    **3.**     <u>**Petitioner has not Shown a Violation of the Constitution or the Law**</u>.

Even if this Court does have jurisdiction, Petitioner's claim must be dismissed. In order to obtain relief under § 2255, a Petitioner must show a fundamental defect which inherently results in a complete miscarriage of justice. *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 2240 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 471 (1962)). A motion filed under § 2255 shall not serve as a direct appeal for a defendant. *Reed v. Farley*, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300 (1994). To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166, 102 S. Ct. 1584, 1593 (1982). Section 2255 states that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (emphasis added).

Here, Petitioner's claim fails for several reasons. First, Petitioner has not stated or shown that his sentence was imposed in violation of the United States Constitution or the laws of the United States. A § 2255 motion is not the proper mechanism for merely requesting a substance abuse treatment program. Furthermore, Petitioner's reason for seeking a substance abuse program, *i.e.*, a reduction in sentence, is not a valid reason. Second, Petitioner never requested at sentencing to participate in such a substance abuse program, and Petitioner's Presentence Report indicates that Petitioner has denied suffering addictions to alcohol or illegal substances. And finally, under 18 U.S.C. § 3621(b), the BOP is vested with full authority to determine whether a prisoner should participate in the substance abuse treatment program. Simply put, the BOP is responsible for the administration of Petitioner's sentence, including substance abuse treatment, and once this Court

sentences someone, it does not interfere with the decisions of the BOP. For these reasons, Petitioner's motion will be dismissed.

### 4. No Certificate of Appealability.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2255 Cases is a determination that the § 2255 motion, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

## Conclusion

For these reasons, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED pursuant to Rule 4 of the Rules Governing § 2255 Cases. In addition, a certificate of appealability will be DENIED as to each issue raised by Petitioner because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate order will issue.


Dated: October 6, 2006                        /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE